UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSIDRE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>ROBERT H. MONHEIMER; MYRA W. KORIN )<br>*a/k/a* MYRA KORIN MONHEIMER; )<br>UNNAMED )<br>SUCCESSOR TO CRAIG R. EVANS, as TRUSTEE )<br>Of the GEORGE EVANS MEMORIAL TRUST; and )<br>TOWN OF WOLFEBORO, )<br>    Defendants. ) | Civil Action  No. 1:17-CV-354<br>Magistrate Judge Andrea K. Johnstone |

ANSWER OF MYRA W. KORIN TO COMPLAINT

Defendant Myra W. Korin ("Defendant Korin") hereby answers the Complaint filed in the above-captioned matter that has been filed by Plaintiff United States of America ("Plaintiff"):

1. Defendant Korin states that the contentions of this paragraph constitute conclusions of law as to which no answer is required.  To the extent that Plaintiff's contentions of jurisdiction found in this paragraph imply assertions of fact, Defendant Korin lacks sufficient knowledge of such facts as they are not expressly stated, and, therefore, Defendant Korin can neither admit nor deny any such implied facts, and, thus, denies same.

2. Defendant Korin states that the contentions of this paragraph constitute conclusions of law as to which no answer is required.  To the extent that Plaintiff's contentions of jurisdiction found in this paragraph imply assertions of fact, Defendant Korin lacks sufficient knowledge of such facts as they are not expressly stated, and, therefore, Defendant Korin can neither admit nor deny any such implied facts, and, thus, denies same.

3. Defendant Korin states that the contentions of this paragraph constitute conclusions of law as to this Court's jurisdiction as to which no answer is required.  Further answering, Defendant Korin

1

admits that 49 Museum Shores Road is located in Wolfeboro, NH (Carroll County), but further states that the legal description alleged constitutes a legal conclusion as to which no answer is required.  Further answering, to the extent the alleged legal description purports to constitute an allegation of fact, Defendant Korin denies same.

4. Defendant Korin lacks sufficient information to admit or deny why Plaintiff has named Robert H. Monheimer ("Monheimer") as a defendant in this matter.  Further answering, Defendant Korin denies that Monheimer has or may claim an interest in the property located at 49 Museum Shores Road, Wolfeboro, NH (Carroll County) ("Property").

5. Defendant Korin lacks sufficient information to admit or deny why Plaintiff has named Defendant Korin as a defendant in this matter.  Further answering, Defendant Korin admits that she has and does claim an interest in the Property.

6. Defendant Korin lacks sufficient information to admit or deny why Plaintiff has named Craig R. Evans, as Trustee of the George Evans Memorial Trust, as a defendant in this matter.  Further answering, Defendant Korin states that she, too, understands that Mr. Evans is deceased.  Defendant Korin states that she lacks sufficient information to admit or deny whether Plaintiff knows whether any successor trustee is required or exists.  Finally, Defendant Korin states that this paragraph's reference to a document recorded with the Carroll County Registry of Deeds ("Registry") speaks for itself as to what such document purports to be.

7. Defendant Korin lacks sufficient information to admit or deny why Plaintiff has named Defendant Korin as a defendant in this matter.  Further answering, Defendant Korin denies that the Town of Wolfeboro ("Town") has an interest in the Property, as all taxes owed to the Town have been paid and are current.

8. Defendant Korin admits that the United States District Court for the District of Massachusetts entered a judgment against Monheimer on May 22, 2009 ("Judgment"), and further states that the Judgment speaks for itself as a whole, rather than as excerpted by the Plaintiff.  Defendant Korin admits that the stated amount of the Judgment was $87,596.30 as of May 15, 2009 with athen-applicable

annual interest rate of .52%.  Defendant Korin acknowledges that a document entitled "Abstract of Judgment Notice" was filed with the Registry on November 29, 2010 at Book 2896, Page 895 ("Abstract").  Any further allegations regarding such Abstract contained in this paragraph constitute implied or express legal conclusions as to which no answer is required.  With respect to the table contained in this paragraph, Defendant Korin states that the Judgment purportedly represented by the table contained in this paragraph speaks for itself, and that the table presented in this paragraph is not an accurate depiction of the table contained in the Judgment.  Further, Defendant Korin lacks sufficient information to admit or deny the allegations as to the "assessment date" and the "balance due as of August 9, 2017," and, therefore, denies same.

9. Defendant Korin lacks sufficient information to admit or deny whether Monheimer has neglected, refused, or failed to pay the assessments referenced in the Paragraph 8 of the Complaint and, therefore, Defendant Korin denies same.  As to whether federal tax liens arose or attached to the Property as a result of the allegations regarding Monheimer as are contained in Paragraph 8 of the Complaint, Defendant Korin states that such allegations constitute legal conclusions as to which no answer is required.

10. Defendant Korin states that the document referenced in this paragraph speaks for itself, but admits that the she is not the original owner of the Property, and that deeds of conveyance have occurred in the past between persons other than herself.

11. Defendant Korin admits that Monheimer previously was married to one Mary Ann Monheimer, but lacks sufficient information to admit or deny the year in which she and Monheimer officially were divorced.  Defendant Korin also lacks sufficient information to admit or deny the specific terms of a purported separation agreement between Monheimer and Mary Ann Monheimer and, therefore, denies same.

12. Defendant Korin admits that she became successor trustee of a Monheimer Property Trust of which Monheimer was a trustee, but she lacks sufficient information to admit or deny the allegations contained in this paragraph as to whether the trust referenced in this paragraph is the same

Monheimer Property Trust of which she became successor trustee, as the Complaint does not include a copy or Registry reference to said trust.

13. Defendant Korin admits that she became successor trustee of a Monheimer Property Trust, but she lacks sufficient information to admit or deny the allegations contained in this paragraph as to whether the trust referenced in this paragraph is the same Monheimer Property Trust of which she became successor trustee. Further answering, with respect to the Monheimer Property Trust of which she became successor trustee, Defendant Korin states that the recorded trust speaks for itself. Defendant Korin also states that several of the allegations in this paragraph purporting to define and interpret the meaning of various provisions of the referenced trust constitute legal conclusions as to which no response is required. To the extent that such allegations purport to constitute factual allegations as to the Monheimer Property Trust as to which Defendant Korin became a successor trustee, Defendant Korin denies such allegations.

14. Defendant Korin admits that a deed was recorded with the Registry at Book 1537, Page 870, but further states that the referenced deed speaks for itself.

15. Defendant Korin admits that on August 17, 1999, she accepted appointment as successor trustee to the trust identified in a document filed with the Registry at Book 1823, Page 054. Defendant Korin further answers that the allegation that her appointment occurred after certain referenced alleged liens attached constitutes a legal conclusion as to which no answer is required. To the extent that this paragraph constitutes a factual allegation that the referenced alleged liens attached prior to Defendant Korin becoming the successor trustee to the trust identified in the document filed with the Registry at Book 1823, Page 054, Defendant Korin lacks sufficient information to admit or deny such factual allegation and, therefore, denies same.

16. Defendant Korin admits that she was the grantor of Monheimer Property Trust II by a declaration of trust dated August 17, 1999. Defendant Korin admits that the declaration of trust of the Monheimer Property Trust II identifies Monheimer as being the initial trustee of the trust. Defendant Korin also states that several of the allegations in this paragraph purporting to define and interpret the

meaning of various provisions of the referenced trust constitute legal conclusions as to which no response is required. To the extent that such allegations purport to constitute factual allegations as to the Monheimer Property Trust II, Defendant Korin denies such allegations.

17. Defendant Korin admits the allegations of this paragraph.

18. Defendant Korin admits the allegations of this paragraph.

19. Defendant Korin admits the allegations of this paragraph.

20. Defendant Korin admits, with respect to the first sentence of this pargraph, that she uses the Property, but denies that Monheimer uses the Property. Further answering, Defendant Korin denies the second sentence of this paragraph.

21. Defendant Korin denies the allegations contained in this paragraph.

22. Defendant Korin lacks sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, denies same.

23. Defendant Korin lacks sufficient knowledge to admit or deny the allegations of this paragraph and, therefore, denies same.

24. Defendant Korin states that the allegations contained in this paragraph of the Complaint constitute legal conclusions as to which no response is required. To the extent that the allegations contained in this allegation purport to constitute factual allegations of Plaintiff's entitlement, Defendant Korin denies same.

FURTHER, Defendant Korin states that any and all requests for relief contained in the Complaint following Paragraph 24 constitute conclusions of law regarding the Plaintiff's claim entitlement thereto, and as to which no response is required. Defendant Korin further requests that the Court deny the requests for relief sought by Plaintiff and hold that Defendant Korin holds the Property free-and-clear from any tax liens filed by Plaintiff against the Property and/or against Monheimer.

## DEFENSES

1. Plaintiff has failed to state a claim upon which the relief sought by Plaintiff can be granted.

2. Defendant Korin states that Monheimer does not currently have, and did not at any time relevant to the alleged tax liens upon which Plaintiff relies, have an interest in the Property against which any of the alleged tax liens can be enforced.

3. Defendant Korin states that Plaintiff has not properly perfected its tax liens pursuant to statutory and legal requirements, either as to Monheimer himself, the Property, or Defendant Korin.

4. Monheimer did not refuse or neglect to pay the assessments that form the predicate for the Plaintiff's claim.

5. Defendant Korin is not liable for the debts of Monheimer.

6. Plaintiff is barred by the statute of limitations from collecting the taxes that are the subject matter of the Complaint.

7. Ordering a sale would be inequitable to Defendant Korin.

Respectfully submitted,

/s/ Robert F. Daut
Robert F. Daut (600722)
200 Highland Ave. – Suite 304
Needham, MA  02494
781-444-5151 (p)
781-444-5252 (f)
bdaut@masslegalcounsel.com

/s/ Kelly Norton
Kelly Norton (NH ID #20996)
Law Offices of Kelly Norton
9 Middlesex Street
Lowell, MA 01852
(603) 828-6295

<u>CERTIFICATE OF SERVICE</u>

    I, Kelly Norton, certify that on this 17th day of November, 2017, I have filed this document through the Court's ECF System for service on counsel so registered and that a hard copy is being mailed to Robert H. Monheimer.

                                        /s/ Kelly Norton